# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ<br>1515 Market Street, Suite 1000<br>Philadelphia, PA  19102<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ BUILDING OPERATORS WELFARE TRUST FUND<br>1515 Market Street, Suite 1020<br>Philadelphia, PA  19102<br><br>and<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ BUILDING OPERATORS PENSION TRUST FUND<br>1515 Market Street, Suite 1020<br>Philadelphia, PA  19102<br>and<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ BOLR LEGAL SERVICES TRUST FUND<br>1515 Market Street, Suite 1020<br>Philadelphia, PA  19102<br><br>and<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ INDUSTRY PROMOTIONAL FUND<br>1515 Market Street, Suite 1020<br>Philadelphia, PA  19102<br><br>and<br><br>WAYNE MACMANIMAN, JR., TRUSTEE<br>1515 Market Street, Suite 1000<br>Philadelphia, PA  19102<br><br>Plaintiffs | CIVIL ACTION NO. |

|  |  |
|---|---|
| v. | : |
|  | : |
|  | : |
| 8 PENN CENTER OWNER LP | : |
| c/o ASI Management | : |
| 100 South Broad Street, Suite 1300 | : |
| Philadelphia, PA 19110 | : |
|  | : |
| and | : |
|  | ; |
| JFK INVESTMENT ASSOCIATES, LP | : |
| c/o ASI Management | : |
| 100 South Broad Street, Suite 1300 | : |
| Philadelphia, PA 19110 | : |
|  | : |
| Defendants |  |

## **C O M P L A I N T**

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

### **JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, in that the Defendant is an employer within the meaning of the Labor Management Relations Act, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 1145; and 28 U.S.C. § 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the United States District Court for the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2) because the Plaintiff Funds are administered in this judicial district.

## PARTIES

4. Plaintiff, Service Employees International Union Local 32BJ ("Plaintiff Union"), is an unincorporated labor organization within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, with its principal office located at 1515 Market Street, Suite 1000, Philadelphia, PA 19102,

5. Plaintiffs Service Employees International Union Local 32BJ Building Operators Welfare Trust Fund ("Welfare Fund"); the Service Employees International Union Building Operators Pension Fund ("Pension Fund"; and the Service Employees International Union Local 32BJ Building Operators Legal Service Fund ("Legal Services Fund" or collectively "Plaintiff Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3). The Plaintiff Funds are administered at the address listed in the caption.

6. Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of various employee benefit plans within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002(3) and for the enforcement of collective bargaining agreement in reference to the Plaintiff Service Employees International Union Local 32BJ Industry Promotional Fund ("Industry Pro Fund" or collectively with the other Plaintiffs Funds, "Funds").

7. Plaintiff, Wayne MacManiman, Jr., in his capacity as trustee, is a fiduciary within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002(21)(A), and brings this action on behalf of the Board of Trustees of Plaintiff Funds.

8. Defendants, 8 Penn Center Owner, LP and JFK Investment Associates, LP ("the Employers") are employers in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a principal place of business at 100 S. Broad Street, Suite 1300, Philadelphia, PA 19110. Upon information and belief each Defendant is managed by the managing agent Alex Schwartz, doing business as ASI Management.

## FACTS

9. At all times relevant to this action, the Employers, through the Building Operators Labor Relations Division of Building Owners organization were party to collective bargaining agreements with the Plaintiff Union (singly or jointly, "Labor Contract"). Employers who are members of the organization agree to be bound by the Labor Contract by execution of the Owners' Recognition Agreement. The Defendants' Owners' Recognition Agreements were signed by the same person on behalf of the Defendants, and managed by the same company, ASI Management. A true and correct copy of the Labor Contract effective October 16, 2019 to October 15, 2023 is hereto attached as Exhibit "1." A true and correct copy of the Labor Contract effective October 16, 2023 to October 15, 2027 is hereto attached as Exhibit "2." True and correct copies of the Defendants Owners' Recognition Agreements are hereto attached as Exhibit "3".

10. Under the terms of the Labor Contract, Employers agreed to abide by the terms of the Funds' Trust Agreements.

11. Under the Labor Contract or Trust Agreement, the Employers agreed:

a. To make full and timely payments on a monthly basis to the Funds;

b. To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

c. To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employers' corporate records concerning their obligations to the Funds; and

d. To pay interest and liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

12. Defendants were selected for a compliance audit of Defendants' payroll records for the period of January 1, 2021 through December 31, 2023 ("Audit Period"). The group of employers audited was managed by ASI Management.

13. The compliance audits routinely consist of documents such as (1) individual earnings records; (2) timesheets; (3) payroll journals; (4) quarterly state and federal earnings records; (5) W-2s and W-3s; and (6) general ledger/cash disbursement journals.

14. The compliance audit was completed. The compliance audit revealed that the Defendants failed to pay the correct amount of contributions to the Funds.

### JFK Investment Associates, L.P.

15. On December 16, 2024, Sarah Millinghausen, Financial Manager for the Plaintiff Funds sent Defendant JFK Investment Associates, L.P. the results of the compliance audit. The audit revealed that the Defendant owed the Funds contributions for the Audit Period in the

following amounts:

| Fund | Contributions |
|---|---|
| Welfare Fund | $6,472.00 |
| Pension Fund | $1,144.44 |
| Legal Services Fund | $52.80 |
| Industry Pro. Fund | $33.00 |
| Total | $7,702.24 |

16. The December 16, 2024 letter demanded payment of the $7,702.24 owed in contributions plus interest. The letter warned that if the contributions and interest were not paid within 30 days of the date of the letter, the liquidated damages of 20% of the contribution amount would be assessed. A true and correct copy of the December 16, 2024 letter to JFK Investment Associates, L.P. is hereto attached as Exhibit "4."

17. Defendant JFK Investment Associates, L.P. failed to pay the outstanding amounts owed. On February 3, 2025, Ms. Millinghausen sent a final demand letter to JFK Investment Associates, L.P. for the outstanding contributions, interest and liquidated damages to the Funds totaling $12,757.02. The amount owed to each Fund is itemized as follows:

| Fund | Contributions | Interest | Liquidated Damages | Total |
|---|---|---|---|---|
| Welfare Fund | $6,472.00 | $2,952.69 | $1,294.40 | $10,719.09 |
| Pension Fund | $1,144.44 | $522.46 | $228.89 | $1,895.79 |
| Legal Services Fund | $52.80 | $24.11 | $10.56 | $87.47 |
| Industry Pro. Fund | $33.00 | $15.07 | $6.60 | $54.67 |
| **TOTAL** | | | | **$12,757.02** |

A true and correct copy of the February 3, 2025 letter to JFK Investment Associates, L.P. is hereto attached as Exhibit "5."

18. Defendant JFK Investment Associates, L.P. failed to pay the outstanding amounts owed. On March 25, 2025, Susan A. Murray, Esquire, Fund Counsel, sent Defendant JFK Investment Associates, L.P. a letter demanding the outstanding $12,757.02. Defendant JFK Investment Associates, L.P. failed to respond to Ms. Murray's correspondence. A true and correct copy of the letter March 25, 2025 is hereto attached as Exhibit "6."

### 8 Penn Center Owner, LP

19. On December 16, 2024, Sarah Millinghausen sent Defendant 8 Penn Center Owner, LP the results of the compliance audit. The audit revealed that the Defendant owed the Funds contributions for the Audit Period in the following amounts:

| Fund | Contributions |
|---|---|
| Welfare Fund | $5,872.00 |
| Pension Fund | $1,030.16 |
| Legal Services Fund | $44.24 |
| Industry Pro. Fund | $31.60 |
| Total | $6,978.00 |

20. The December 16, 2024 letter to 8 Penn Center demanded payment of the $6,978.00 in contributions plus interest. The letter warned that if the contributions and interest were not paid within 30 days of the date of the letter, the liquidated damages of 20% of the contribution amount would be assessed. A true and correct copy of the December 16, 2024 letter to 8 Penn Center Owner, LP is hereto attached as Exhibit "7."

21. Defendant 8 Penn Center Owner, LP failed to pay the outstanding amounts owed.

On February 3, 2025, Ms. Millinghausen sent a final demand letter 8 Penn Center Owner, LP for the outstanding contributions, interest and liquidated damages to the Funds totaling $12,757.02. The amount owed to each Fund is itemized as follows:

| Fund | Contributions | Interest | Liquidated Damages | Total |
|---|---|---|---|---|
| Welfare Fund | $5,872.00 | $3,418.10 | $1,174.40 | $10,464.50 |
| Pension Fund | $1,030.16 | $598.33 | $206.03 | $1,834.52 |
| Legal Services Fund | $44.24 | $25.69 | $8.85 | $78.78 |
| Industry Pro. Fund | $31.60 | $18.35 | $6.32 | $56.27 |
| **TOTAL** | | | | **$12,434.07** |

A true and correct copy of the February 3, 2025 letter to 8 Penn Center Owner, LP is hereto attached as Exhibit "8."

22.     Defendant 8 Penn Center Owner, LP failed to pay the outstanding amounts owed. On March 25, 2025, Susan A. Murray, Esquire, Fund Counsel, sent Defendant 8 Penn Center Owner, LP a letter demanding the outstanding $12,434.07. Defendant 8 Penn Center Owner, LP failed to respond to Ms. Murray's correspondence.  A true and correct copy of the letter March 25, 2025 is hereto attached as Exhibit "9."

23.     Defendant JFK Investment Associates, L.P. owes the Funds a total of $12,757.02 due under the Labor Contract in contributions, interest and liquidated damages, plus ongoing interest and attorneys' fees and costs.

24.     Defendant 8 Penn Center Owner, LP. owes the Funds a total of $12,434.07 due under the Labor Contract in contributions, interest and liquidated damages, plus ongoing interest and attorneys' fees and costs.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against JFK Investment Associates, L.P. and in favor of the Funds for at least $12,757.02 for the above stated contributions, interest, liquidated damages, plus any additional interest and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2) Enter judgment against 8 Penn Center Owner, LP. and in favor of the Funds for at least $12,434.07 for the above stated contributions, interest, liquidated damages, plus any additional interest and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

<u>/s/ Vlad Kachka</u>
VLAD KACHKA ESQUIRE
230 S. Broad Street, Ste. 1650
Philadelphia, PA  19102
(215) 732-0101
vkachka@spearwilderman.com
Attorneys for Plaintiffs

Dated: May 2, 2025